UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS NICHOLS | : | CASE NUMBER: |
| | : | 302CV01502 (JCH) |
| v. | : | |
| | : | |
| R. HOLSTON | : | NOVEMBER 4, 2003 |

### FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION DIRECTED TO PLAINTIFF LUIS NICHOLS BY DEFENDANT REGINALD B. HOLSTON

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, defendant hereby requests that plaintiff Luis Nichols answer the following interrogatories under oath within thirty (30) days hereof, and produce the following documents at the offices of the Corporation Counsel, City of New Haven, 165 Church Street, 4th floor, New Haven, Connecticut, 06510, within thirty (30) days of the receipt hereof.

### INTERROGATORIES

1. Please state the following:

    a. Your full name and any other names you have ever been known by, including, but not limited to, all aliases, legal name changes, informal name changes and names from any marriages.

    b. Your date of birth.

    c. Your home addresses for the past ten years.

### ANSWER:

a. Luis Nichols, A.K.A. "L".

b. 9/20/72.

c. 18 Dickerman Street, New Haven, CT 06511.

2. Please identify the name, address and phone number of each person known to you, including witnesses, who has knowledge cr information of any of the events or allegations set forth in your Complaint and, with respect to each such person, give a summary of that person's knowledge or information.

**ANSWER:**

**The owner and operator of the auto repair shop on the corner of Columbus and West Streets. His name is Frank, but I do not know his last name. He witnessed the incident and witnessed me being attacked by the New Haven police officers.**

3. With respect to each item of damage claimed in your Complaint, please provide the following information:

    a. state each fact that supports your claim of damage;

    b. identify each witness with knowledge of the alleged damage; and

    c. provide a monetary computation of each category of damage you are alleging that you have suffered.

**ANSWER:**

**a. I was grabbed by the neck and thrown to the ground by Officer Reginald B. Holsten. He put his knee on the back of my head and forced my head into the street over and over again. This is what caused my face to become swollen. Pictures were taken of the damages that were caused as a result of Holsten's behavior.**

**b. As previously mentioned, Frank, the auto repair shop owner. Additionally, Ann Traynham, Audrey Nichols, and the Sheriff's Department, who told the police to take me to the hospital after seeing my injuries.**

**c. Hospital bills, future bills and compensation for my emotional distress. A monetary computation is not possible as damages are incalculable.**

4. State every job you have had for the period beginning six years prior to the incident giving rise to this lawsuit to the present, including the name and address of each employer, dates you were employed, your position, your average gross and net weekly earnings, any loss of income you claim as a result of the incident alleged in your Complaint and how is loss computed, including the dates on which you were unable to

perform the duties of your occupation and lost time from work as a result of injuries or conditions claimed to have been sustained as a result of the incident alleged in your Complaint.

**ANSWER:**

**I was employed as an assistant manager at K.F.C., located on Main Street in Meriden, Connecticut. I made a salary of $350.00 per week. I did not lose any time from work as I was not working at the time of the incident.**

5.  In the ten (10) years prior to the incident alleged in your Complaint, have you been convicted of any felony or a non-felony involving deceit, dishonesty or untruthfulness? If so, describe each such conviction, setting forth for each: the crime, offense or violation of which you were convicted; the place of the arrest; the name and address of the court of conviction; and the nature of the disposition of the charge, including any term of any punishment imposed, and any amount of fine imposed.

**ANSWER:**

**1993 -**     **Convicted of possession of a firearm without a permit. Sentenced to five years suspended plus three years probation.**

**1996 -**     **Convicted of 2nd degree assault. Sentenced to serve four years suspended after two years and three years probation after completion of incarceration.**

6.  Describe in detail each and every physical or emotional injury (including but not limited to precise scars, inconvenience, emotional pain, or humiliation) that you allege that the defendant Reginald B. Holston inflicted upon you.
[NOTE: Reference to the Complaint is not an acceptable answer.]

**ANSWER:**

**The right side of my face was swollen for over two weeks, and I spent nights sleeping just on my left side because of the excruciating pain. To this date, I continue to have problems with the right side of my head and my right eye. I was humiliated and embarrassed to even go outside of my house.**

7.  Describe in detail each and every physical or emotional injury (including but not limited to precise scars, inconvenience, emotional pain, or humiliation) that you allege that any unnamed police officer, present at the scene, inflicted upon you.

[NOTE: Reference to the Complaint is not an acceptable answer.]

**ANSWER:**

**Please see response to Interrogatory Number 6.**

8. State the name and address of each physician, therapist, health care provider or other source of treatment for the conditions or injuries you sustained as a result of the incident alleged in your complaint.

**ANSWER:**

**Yale-New Haven Hospital.**

9. List, in detail, each item of expense, loss or other special damages that you claim to have incurred as a result of each such injury, identify each person to whom each expense has been paid or is payable, the amount claimed for each item, and whether said item has been paid or is still outstanding.

**ANSWER:**

**My hospital bill for Yale has not yet been paid. Also, my household bills backed up as a result of the beating I sustained at the hands of these cops.**

10. During the ten (10) years period to the date of the incident alleged in the Complaint, or at any time subsequent to that date, were you under a doctor's or health provider's care for, or had you been diagnosed as having, any condition(s) which were in any way similar or related to those identified and listed in your response to Interrogatories 6 and 7? If so, state the nature of said conditions, the dates on which treatment was received, and identify each doctor or health care provider who treated you for, or who was familiar with, each condition. If you claim that the conduct alleged in the Complaint aggravated, irritated or otherwise affected any pre-existing condition described above, state the date when such condition originally occurred, describe its progress prior to the incident in issue, state the last date prior to the incident on which you last received medical attention, and identify the treatment provider.

**ANSWER:**

**No.**

11. Please state whether you are in possession or have control of any

statement(s) made by any person (including yourself) concerning any of the events referred to in your Complaint, and, for each, identify the person who made the statement and identify the statement, including the form of the statement and the manner in which it was taken, and identify each person in possession of the statement or a copy thereof.

**ANSWER:**

**The only statement made was in the form of an incident report, written by the defendant, dated 9/29/99. My attorney is in possession of a copy of this report.**

12. Please state in detail the exact sequence of events, communications and actions, by all persons in any degree involved, of the incident forming the basis of your Complaint. If you rely on any information other than your personal recollection in answering this question, please identify each source of information, including persons, documents, and/or conversations. [NOTE: Reference to the Complaint is not an acceptable answer.]

**ANSWER:**

**I was on a motorcycle, sitting in traffic on Columbus Avenue. I was waiting for the light to change when my wife pulled up on the side of me in her car and asked me for some money. I took off my right glove, dug into my pocket and gave her some money. Suddenly, at least two officers tackled me from behind and threw me to the ground. Officer Holston grabbed me by the neck and the other officer grabbed my waist. Officer Holston placed his knee in the back of my head and began to bang my head into the ground repeatedly. As I was being assaulted, I tried to ask what I had done. I asked again in the patrol car, but I never got a response.**

13. With respect to the allegations contained in paragraph 8 of your complaint, please describe in detail:

    a. the actions of defendant Reginald B. Holston with respect to your allegations contained in that paragraph. Specifically, how many times did defendant Holston either beat or kick the plaintiff and what parts of plaintiff's body is it alleged were subjected to a beating or kicking by defendant Holston? [NOTE: Reference to the Complaint is not an acceptable answer.]

    b. the actions of defendant Reginald B. Holston when he allegedly

     physically abused the plaintiff. [NOTE: Reference to the Complaint is not an acceptable answer.]

  c. the actions of the unknown and unnamed officer or officers with respect to the allegations contained in that paragraph. Specifically, how many times did the unknown and unnamed officer or officers either beat or kick the plaintiff and what parts of plaintiff's body is it alleged were subjected to a beating or kicking by the unknown and unnamed officer or officers? [NOTE: Reference to the Complaint is not an acceptable answer.]

  d. the actions of the unknown and unnamed officer or officers when this officer or officers allegedly physically abused the plaintiff. [NOTE: Reference to the Complaint is not an acceptable answer.]

## ANSWER:

**a. As I was being beaten, I did not think to count how many times my head was being slammed into the ground. The defendant used his knee to force my head to the ground. He used his knee as a weapon to inflict injury upon my face.**

**b. Again, Officer Holston grabbed me by the neck and forced me to the ground and proceeded to use his knee to bang my head over and over into the concrete.**

**c. I do not know how many times I was struck. I did not count.**

**d. The unnamed officers assisted Holston in slamming me to the ground. They restrained me to enable Holston to beat me.**

  14. With respect to the allegation contained in paragraph 8 of your Complaint, please specify the length of time that you claim that you were being beat, kicked and physically abused by the named defendant and the unknown and unnamed police officers.

## ANSWER:

**If I were to approximate, I would say 2-3 minutes.**

  15. Please specify and enumerate each claim, whether common law or

statutory, that you are making against the defendant that is based upon a violation of the laws and/or Constitution of the State of Connecticut. [NOTE: Reference to the Complaint is not an acceptable answer.]

**ANSWER:**

**This case is a violation of due process and civil rights.**

16. With respect to the allegations contained in paragraph 10 of your complaint, please specify in detail the force used against you that was unnecessary and unreasonable. [NOTE: Reference to the Complaint is not an acceptable answer.]

**ANSWER:**

**The officers used unreasonable force against me. I was not resisting arrest, and I was not informed of what I was being charged with. The force that was used by the officers was used to sustain injury to me. The entire amount of force was unreasonable and unnecessary.**

17. State, for each expert witness who is expected to testify at the trial of this case: the expert's name and address; the subject matter upon which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and the summary of the grounds for each opinion, and identify each document prepared by or forwarded to you or your attorney by the witness, and provide the information set forth in Rule 26(a)(2)(B).

**ANSWER:**

**My attorney has not yet contemplated an expert witness in my case.**

18. If the plaintiff has consulted with, spoken to or retained any expert witness in anticipation of litigation or preparation for trial who the plaintiff does expect to call to testify at the trial of this case, state the name, address and professional field of each such witness, identify each conversation with each such witness, and identify each document authorized by each such witness that was addressed or sent to you.

**ANSWER:**

**Not applicable.**

19. Have you ever, formally or informally, filed a Complaint against any law

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS NICHOLS        :
                    :
VS.                 :        NO. 3:02CV1502 (JCH)
                    :
R. HOLSTON          :

### OATH OF RESPONDENT

I, **LUIS NICHOLS**, being of sound mind and legal age, and having been duly sworn, do hereby depose and say that:

The answers to the Interrogatories and the documents provided in response to the Defendants' Interrogatories and Requests for Production are true, accurate and complete to the best of my knowledge and belief.

_____
LUIS NICHOLS

Subscribed and sworn to before me this __25__ day of _August_, 2003

_____
Notary Public

THOMAS FELICIANO JR.
NOTARY PUBLIC
STATE OF CONNECTICUT
MY COMMISSION EXPIRES 9/30/2005

Subscribed and sworn to before me, a Notary Public for County of __Windham__ of Connecticut, this __25th__ day of __August__, 2003.

_____

enforcement officer(s) in any police department(s)? If so, identify each officer, each department or departments in which each Complaint was lodged, the date of each Complaint, the outcome of each Complaint, and identify any documents which contain, respond to, or otherwise refer to each Complaint.

**ANSWER:**

**No.**

## REQUESTS FOR PRODUCTION

1. All documents used or referred to or in responding to the foregoing interrogatories.

**RESPONSE:**

**Attached.**

2. All documents that support or reference any matter alleged in your Complaint.

**RESPONSE:**

**Attached.**

3. All documents identified in response to any of the following interrogatories.

**RESPONSE:**

**Attached.**

4. All documents that support, reflect or refer to any damages claimed in your Complaint, including any and all records, reports, and notes pertaining to the treatment and/or consultations received by the plaintiff from any healthcare professional and the bills for such treatment and/or consultations.

**RESPONSE:**

**Medical records and bills have been requested by plaintiff's counsel and are forthcoming.**

5. All records, reports and bills of each expert witness described in your answers to the defendant's First Set of Interrogatories.

**RESPONSE:**

**Not applicable.**

6. All statements of any party or of any witness identified in your answers to the defendant's First Set of Interrogatories.

**RESPONSE:**

**Attached.**

7. If you claim that you sustained an impairment of your earning capacity or lost any wages, produce copies of, or sufficient written authorization to inspect and make copies of, the wage and employment records of all employers of the plaintiff for a period of three (3) years prior to the date of the incident and for all years subsequent to the date of the incident to and including the date hereof.

**RESPONSE:**

**Not claimed.**

8. If you claim that you sustained an impairment of your earning capacity or lost any wages, produce copies of, or written authorization to obtain copies of, that part of all income tax returns relating to lost income filed by the plaintiff for a period of three (3) years prior to the date of the incident and for all years subsequent to the date of the incident to and including the date hereof.

**RESPONSE:**

**Not claimed.**

9. Photographs, videotapes or other evidence that purport to show injuries or other damages sustained by the plaintiff or destruction of property as a result of the incident referred to in the Complaint.

**RESPONSE:**

**Attached.**

10. Medical releases executed by the plaintiff permitting counsel for the defendants to obtain copies of records, reports and bills of each physician, psychiatrist, psychologist or other medical practitioner, and each hospital or other medical institution, identified in the plaintiff's answers to the defendant's First Interrogatories.

**RESPONSE:**

**Medical records and bills have been requested by plaintiff's counsel and are forthcoming.**

THE PLAINTIFF, LUIS NICHOLS

BY: *[signature]*
JOHN R. WILLIAMS
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Tel. No. (203) 562-9931
Fax No. (203) 776-9494
Fed Bar No. ct00215

His Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing was sent, first class mail, postage prepaid, on November 4, 2003, to the following counsel of record:

Attorney Michael A. Wolak, III
Office of the Corporation Counsel
165 Church Street
New Haven, CT 06510

*[signature]*
JOHN R. WILLIAMS